IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:21-CV-168-FL

| | |
|---|---|
| JALA, INC. d/b/a Best Western,<br>Plaintiff,<br>v.<br><br>OWNERS INSURANCE COMPANY,<br>Defendant. | **FIRST AMENDED COMPLAINT**<br><br>**(WITH CONSENT)**<br><br>**(Fed. R. Civ. P. 15(a)(2))** |

Plaintiff states:

1. Plaintiff Jala, Inc, d/b/a Best Western, is a North Carolina business corporation headquartered in Robeson County, North Carolina.

2. Defendant Owners Insurance Company is a Michigan business corporation that has significant business operations in North Carolina and is registered with the N.C. Insurance Commission, FEIN No. 34-1172650.

3. The Plaintiff owns a commercial hotel property in Robeson County, North Carolina. The property is covered by an insurance policy issued by the Defendant, Policy No. 054615-35657059-17, including replacement cost coverage, attached as Exhibit A. Storm damage to the Plaintiff's physical premises is covered under the policy. The plaintiff was current in compliance with the policy premiums, terms, and conditions at all times relevant to this complaint.

4. The Plaintiff has owned the property since 2000. During that time, occasional maintenance has been performed on the roof. Water intrusion due to roof issues have been limited in both frequency and scope. No damage to interior roofing structures has ever been noted during previous repairs to the interior of the property.

5. On September 15, 2018, Hurricane Florence traversed the Plaintiff's property, with the eye passing just south. Wind speeds were recorded at Lumberton, the city of the Plaintiff's property, between 50-60 miles per hour, and over 22 inches of rain was recorded as falling during the event, an amount equal to nearly half of the average annual rainfall for the area. Wind and rain from the hurricane damaged roof structural elements, including but not limited to parapets, caps, and roof membranes, allowing rainwater to penetrate the structure and do significant damage to the interior structures and furnishings of the property.

6. The Plaintiff promptly reported the damage to defendant. Thereafter, the plaintiff filed a detailed claim package with the defendant on February 22, 2019. This claim package included a Proof of Loss statement, sworn to and signed by the Plaintiff's representative Pramit Patel, on Form 18403, "Sworn Statement in Proof of Loss," which had been provided by the Defendant. The report is attached as Exhibit B.

7. On or about October 11, 2018, Hurricane Michael passed over the Robeson County region. Remediation efforts were slowed by the defendant's lack of response, and the second storm exacerbated damage and extended remediation efforts.

8. Defendant sent an adjuster, United Claims Service, and an engineering inspector, Donan Engineering Co., Inc. ("Donan") all of whom ignored most of the damage identified by the Plaintiff. Donan produced a report, which is attached as Exhibit C. The report simultaneously ignores significant damage caused by the storm, and misattributes other damages to other issues. The report incorrectly concludes that the source of rainwater penetration as caused by faulty design and build, as well as wear, of the property roof, without providing any physical, scientific, engineering, or other valid basis for its conclusions.

2

9. On March 6, 2019, the defendant confirmed receipt of Plaintiff's proof of loss and acknowledged that he had complied with the policy conditions, however, in the same letter the defendant claimed that the cause of loss was not identified, and that the form was missing a notarized signature, and misidentified secured. The submitted proof of loss statement in fact had a sworn, notarized signature of Pramit Patel, member of the Plaintiff. The proof of loss statement correctly identified all then current interests secured by the property. The completed form is attached as Exhibit D.

10. The Plaintiff effected repairs on the roof which were substantially completed on or about May 18, 2019. No structural changes, or changes to the slope of the roof, were noted as necessary for a successful repair. Thereafter the Plaintiff completed repairs on all the storm damage to the interior of the property.

11. The defendant offered no meaningful amount to settle the claim. The defendant thereafter denied the claim.

12. The Plaintiff commissioned an engineering consultation from Basile G. Halkiadakis, P.E. ("Halkiadakis"), who produced a report of his findings which is attached as Exhibit E. The report detailed extensive wind and rain damage to the property's roof, which was directly attributable to the Hurricane Florence. The report was shared with defendant.

13. Despite providing all the required documentation and information required under the policy, good faith negotiations, and other efforts on the part of the plaintiff, the defendants continued to deny the claim.

14. The Plaintiff's insurance policy remained in effect at all times relevant to the incidents at issue in this complaint, as the Plaintiff has timely paid the correct premiums, fully complied with

all the terms and conditions under the policy, and timely furnished complete and accurate information to the defendant.

15. Despite demands, defendant has refused to settle the claim for an appropriate amount under its insurance policy.

FIRST CLAIM FOR RELIEF

BREACH OF CONTRACT

16. The allegations of paragraphs 1-15 are incorporated.

17. The insurance policy written by the defendant in favor of the plaintiff is a valid contract, supported my mutual consideration, which obligates the defendant to provide coverage to losses from damage to the plaintiff's property due to hailstorm damage.

18. The plaintiff suffered a loss consistent with the policy terms due to hurricane damage on September 15, 2018.

19. Plaintiff has promptly and consistently performed all its obligations under the contract.

20. The plaintiff satisfied all the requirements that were conditions precedent to the defendant's performance of its contractual obligations under the policy.

21. Defendant's failure to promptly, fairly, and sufficiently settle the plaintiff's claim of loss, by failing to provide a settlement amount consistent with its obligations, by failing to properly investigate and value the loss by the plaintiff, and other acts and omissions, is a material breach of its contractual obligations and duties under the policy.

22. Defendant's breach resulted in damage to plaintiff in an amount exceeding $25,000.

## SECOND CLAIM FOR RELEIF

## SPECIFIC PERFORMANCE

23. The allegations of paragraphs 1-22 are incorporated.

24. Defendant entered into an enforceable contract of insurance (the Policy) with plaintiff, by which it clearly and expressly agreed to provide insurance coverage for physical loss to property, contents, and loss of use proximately caused by wind and rain. Plaintiff in turn paid the defendant substantial premiums in consideration for the agreed upon insurance coverage, and complied with all other terms and conditions under the policy.

25. Plaintiff now has suffered severe damage to its property as a proximate and direct result of the hurricane's wind and rain, and has consequently suffered damages to, and been denied use of, the roof on its property, as well as extensive damage to the interior structures and furnishings of the property.

26. Plaintiff has fully performed all its contractual obligations and is accordingly now entitled to specific performance of the Policy. The Court should therefore require defendant to specifically perform its obligations under the Policy and pay all claims and damages related to the policy for catastrophic hurricane wind and rain damage.

## THIRD CLAIM FOR RELIEF

## BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING (BAD FAITH)

27. The allegations of paragraphs 1-26 are incorporated.

28. Defendant further willfully and intentionally breached its duty of good faith and fair dealing, as well as its affirmative duty to adjust claims fairly and promptly and to make a reasonable effort to settle claims with Plaintiff.

29. Defendant's breaches, failure, and/or omissions constitute bad faith in that they were willful, unlawful, arbitrary and capricious, entitling Plaintiff to damages, attorney's fees, costs and penalties as allowed by law.

FOURTH CLAIM FOR RELIEF

VIOLATIONS OF N.C. GEN. STAT. § 58-63-15

30. The allegations of paragraphs 1-29 are incorporated.

31. The defendant has violated the statutory provisions by:

   a. Refusing to pay claims without conducting a reasonable investigation based upon all available information, in that the investigations conducted by the defendant willfully ignored the patently evident damage documented and provided to the defendant by the plaintiff, and the defendant willfully ignored findings in the plaintiff's engineering report indicating material damage to the plaintiff's property proximately caused by hurricane wind and rain damage;

   b. Failing to affirm or deny coverage of claims within a reasonable time after proof-of-loss statements have been completed, as the defendant denied sufficient coverage after the plaintiff provided complete statements;

   c. Not attempting in good faith to effectuate prompt, fair and equitable settlements of claims in which liability has become reasonably clear which was clearly established when the plaintiff provided its engineers report and supporting documentation and where the defendants' engineers identified material damage; and

    d. Attempting to settle a claim for less than the amount to which a reasonable man would have believed he was entitled, in that it was clearly reasonable for plaintiff to believe it was entitled to sufficient compensation to repair all damage to the roofing structures of the home caused by the hailstorms.

32. The plaintiff is entitled to reasonable attorneys' fees pursuant to statute.

FIFTH CLAIM FOR RELIEF

UNFAIR AND DECEPTIVE TRADE PRACTICES N.C. GEN. STAT. 75-1.1 et seq.

33. The allegations of paragraphs 1-32 are incorporated.

34. At all times relevant to the facts and circumstances giving rise to this action, Defendant was engaged in activities affecting commerce. The actions of Defendant as alleged were acts affecting commerce within the meaning of Chapter 75 of the North Carolina General Statutes.

35. The actions of defendant as alleged constitute unfair and deceptive acts or practices in violation of N.C. Gen. Stat. § 75-1.1. Defendant's unfair and deceptive acts include, but are not limited to, misrepresentations and material omissions, deception in the claim investigation and administration process, wrongful failures to pay due and proper amounts, and other willful, wanton, reckless, intentional, unlawful, oppressive, unscrupulous, and wrongful acts as described in this Complaint.

36. The actions of defendant constitute unfair and deceptive trade practices in or affecting commerce as defined by N.C. Gen. Stat. § 75-1.1.

37. As a direct and proximate result of defendant's unfair and deceptive trade practices, Plaintiff has been damaged, and continues to suffer additional damages, in an amount in excess of $25,000.00, the exact amount to be shown at trial.

38. Pursuant to N.C. Gen. Stat. § 75-16, plaintiff is entitled to treble compensatory damages.

39. Pursuant to N.C. Gen. Stat. § 75-16.1, plaintiff is entitled to an award of reasonable attorney's fees.

## PLAINTIFF'S SIXTH CLAIM FOR RELIEF

## PUNITIVE DAMAGES

40. The allegations of paragraphs 1-39 are incorporated.

41. The actions of the defendant as alleged were intentional, willful, and wanton, and undertaken with malice and deliberate or reckless disregard for the rights of Plaintiff within the meaning of N.C. Gen. Stat. § 1D-15.

42. As a result of the defendant's actions, plaintiff is entitled to and ask that the Court award punitive damages in an amount sufficient and appropriate to punish Defendants and deter similar future conduct.

Plaintiff requests:

1. Trial by jury;
2. Compensatory damages exceeding $25,000;
3. Treble damages exceeding $25,000;
4. Punitive damages exceeding $25,000;
5. Reasonable attorney's fees;
6. Costs and interest; and

7. Other proper relief.

Dated: February 8, 2022

PENRY RIEMANN PLLC

s/J. Anthony Penry
J. Anthony Penry
N.C. Bar No. 8936
2245 Gateway Access Point Suite 203
Raleigh, North Carolina 27607
(919) 792-38921
andy.penry@penryriemann.com

**CONSENT TO FILING**

Pursuant to Rule 15(a)(2), defendant Owner's Insurance Company consents to the filing of this first amended complaint, reserving all other rights.

BROWN, CRUMP, VANORE & TIERNEY, PLLC

By: /s/ O. Craig Tierney, Jr.
    O. Craig Tierney, Jr.
    P.O. Box 12166
    Raleigh, NC 27605
    Telephone: (919) 890-4482
    Facsimile: (919) 835-0915
    *Attorneys for Owners Insurance Company*